UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FLORA IZUKA,                                        )
                                                   )
          Plaintiff,                               )
                                                   )
v.                                                 )   Case #1:18-cv-02087
                                                   )
CLARK REALTY CAPITAL, LLC                          )
                                                   )
Serve:  Corporation Service Company, Reg. Agent    )
        100 Shockoe Slip, 2nd Floor                )
        Richmond, VA 23219                         )
                                                   )
and                                                )
                                                   )
CRC COMPANIES, LLC,                                )
                                                   )
Serve:  Corporation Service Company, Reg. Agent    )
        100 Shockoe Slip, 2nd Floor                )
        Richmond, VA 23219                         )
                                                   )
and                                                )
                                                   )
CRC PROPERTY MANAGEMENT, LLC                       )
                                                   )
Serve:  Corporation Service Company, Reg. Agent    )
        100 Shockoe Slip, 2nd Floor                )
        Richmond, VA 23219                         )
                                                   )
        Defendants.                                )

COMPLAINT

Preliminary and Jurisdictional Statement

1.  Plaintiff Flora Izuka managed the maintenance staff at defendant CRC Property

Management, LLC ("CPM") for over two years.  She had an excellent track record, and in July

of 2016, CPM's director of maintenance praised her performance and urged her to stay with the

company.  In August of 2016, she informed her immediate supervisor that she was pregnant and

inquired what benefits might be available to pregnant employees.  Ms. Izuka was fired a few weeks later by the same person who had praised her performance in July.  She now sues for pregnancy discrimination.

2.  This case arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. for discrimination that occurred in Washington, DC.  This court has jurisdiction under 28 U.S.C. §1331.

Parties

3.  Flora Izuka is a 41 year-old resident of Hyattsville, Maryland.  At the time of the events giving rise to this lawsuit, she worked for defendants in Columbia Heights, Washington, DC.

4.  Defendant CRC Companies ("CRCC") is a Delaware company headquartered in Virginia.  CRCC includes a number of smaller companies, including co-defendants Clark Realty Capital, LLC and CRC Property Management, LLC, that provide property and asset management services in the greater Washington, DC area.  CRCC itself has approximately 150 employees; the companies included within CRCC together have over 1000 employees.

5.  Defendant Clark Realty Capital, LLC ("Clark") is a Delaware company headquartered in Virginia that provides real estate management services in the greater Washington, DC area.  It is a smaller company included within the larger CRCC.  Clark has over 1000 employees.

6.  Defendant CRC Property Management, LLC ("CPM") (formerly Clark Realty Management, LLC) is a smaller company within the larger CRCC that manages properties in the greater Washington, DC area.  CPM was Ms. Izuka's formal employer at the time of the events

giving rise to this lawsuit.  CPM has approximately 150 employees.  On information and belief,

CRCC, CPM, and Clark operate as one company and constitute an integrated enterprise for

purposes of Title VII.  In this complaint, all defendants are referred to jointly as CPM unless

otherwise noted.


<u>Claim for Relief</u>

7.  In August of 2014, Ms. Izuka began working at CPM as a maintenance supervisor at

the company's Columbia Heights property.

8.  As maintenance supervisor, Ms. Izuka managed the company's maintenance

technicians, processed residents' requests for building maintenance, and performed related

administrative tasks such as maintaining inventory.

9.  On information and belief, Garrett Lee, CPM's director of operations, and Daniel

Wearing, CPM's director of maintenance, jointly made the decision to hire Ms. Izuka.

10.  With respect to the vast majority of her work, Ms. Izuka reported directly to CPM's

property manager Angela Knox, who supervised her work.  Ms. Knox reported to CPM's

director of maintenance Mr. Wearing and director of operations Mr. Lee.

11.  For the two years that she worked at CPM, Ms. Izuka had an excellent track record

and performed her duties satisfactorily, with a friendly and professional demeanor.

12.  In May 2016, a temporary employee came to CPM's Columbia Heights office

through a staffing agency.  As it turned out, the employee was pregnant, although, on

information and belief, no one at the company knew this before she was placed at CPM.

13.  After the temporary employee had complications with her pregnancy, Mr. Lee stated that she was too much of a liability and directed Ms. Knox to call the staffing agency to ask for a replacement.  Ms. Knox did so and the pregnant employee did not return.

14.  In July 2016, Ms. Izuka was accosted by an irate resident.  She expressed her frustrations to Mr. Wearing and told him that the resident's aggressiveness was causing her stress to the point that she was thinking of leaving the company.  Mr. Wearing asked her to stay, telling her that she was doing an excellent job and was valued at the company.  Appreciating this, Ms. Izuka agreed to stay.

15.  In late August of 2016, Ms. Izuka, just over three months pregnant, informed Ms. Knox that she was pregnant.  She inquired about benefits and leave that might be available to her.  Ms. Knox stated that she would check with her supervisor, Mr. Lee.

16.  Shortly thereafter, Ms. Knox told Mr. Lee that Ms. Izuka was pregnant and wanted to know what services were available to pregnant employees.

17.  On September 1, 2016, Mr. Wearing called Ms. Izuka into an office, with a representative from human resources on speaker phone.  Mr. Wearing told Ms. Izuka that she was fired, effective immediately.  Ms. Izuka asked why, to which Mr. Wearing replied that her performance was deficient.

18.  Ms. Izuka asked what her performance issues were, as she had not been given any indication that her performance was a problem.  The human resources representative replied that her employment was at-will and the company did not need a reason to fire her.

-4-

19.  With the exception of the first few months following her youngest's birth in January, 2017, Ms. Izuka has consistently applied for jobs from the time CPM fired her until the date of the filing of this complaint.  She has had a few interviews but has received no offers of employment.

20.  As a result of her termination, Ms. Izuka has suffered past, present, and future financial losses and severe emotional distress and stress attendant on not being able to support her family.

21.  Struggling for money and having a newborn in the home, Ms. Izuka and her husband had to take their second youngest, two years old at the time, out of daycare to eliminate an expense.  They also had to take out a $20,000 loan to pay expenses previously covered by Ms. Izuka's income.

22.  CPM fired Ms. Izuka in knowing violation of her rights under law and in callous disregard of the dire consequences thereof for her and her family.

23.  By its actions set forth herein, CPM discriminated against Ms. Izuka because of her pregnancy, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*.

<u>Exhaustion of Remedies</u>

24.  Ms. Izuka filed a timely charge of discrimination, *pro se*, with the Equal Employment Opportunity Commission ("EEOC"), naming "Clark Realty Capital" ("Clark") as the respondent.

25.  For about half of Ms. Izuka's employment, Clark was her formal employer, at which point her formal employer changed to "CRC Property Management" ("CPM"), but nothing about her employment otherwise changed.

26.  Notwithstanding Ms. Izuka's naming Clark as respondent, CPM responded to and defended against Ms. Izuka's EEOC charge.

27.  CPM's principal office is located in Clark's and CRC Companies' (CRCC) headquarters.  All companies share a human resources department and a registered agent.

28.  CRCC's website lists CPM and Clark under the heading, "related companies." CRCC's website explains that "CRC includes a diverse set of firms that lead their respective industries," that "[o]ur people take great pride in engaging and unifying stakeholders to solve unmet social needs," and that, within this framework, CPM and Clark offer certain "specialized services."

29.  At all times during Ms. Izuka's employment, her work email address had the domain name (the portion after the @ symbol) of "CRCCompanies.com."

30.  CPM, Clark, and CRCC all companies share a managing director, Philip Cowley. CPM employees referred to Mr. Cowley colloquially as their "big boss."

31.  Mr. Cowley manages CRCC's assets.  At all relevant times, CPM's upper management had to obtain Mr. Cowley's final approval for large renovation projects or expenditures at the Columbia Heights property.  On information and belief, Mr. Cowley had ultimate control over CPM's finances.

32.  On information and belief, CRCC, as the larger company to both Clark and CPM, had actual notice of the pending EEOC charge, with interests identical or substantially identical to those of Clark and CPM.

33.  Ms. Izuka received her right-to-sue letter on June 12, 2018.

Wherefore, Ms. Izuka requests an order of this court granting her, jointly and severally against both defendants:

*       Backpay from September 2016 and appropriate front pay,

*       Compensatory and punitive damages appropriate to the proof at trial,

*       Costs, including reasonable attorney's fees, and

*       Such other relief as is just.

Ms. Izuka requests trial by jury.

                        Respectfully submitted,

                        FLORA IZUKA,

                        By counsel

Dated:   September 6, 2018

Counsel for Plaintiff:

//s// Victor M. Glasberg                    //s// Maxwelle C. Sokol

Victor M. Glasberg, DC Bar #927798    Maxwelle C. Sokol, *pro hac vice pending*

Victor M. Glasberg & Associates          Victor M. Glasberg & Associates

121 S. Columbus Street                  121 S. Columbus Street

Alexandria, VA  22314                   Alexandria, VA  22314

703.684.1100 / Fax: 703.684.1104      703.684.1100 / Fax: 703.684.1104

vmg@robinhoodesq.com                  msokol@robinhoodesq.com

IzukaFloka\Pleadings\Complaints